# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3853

_____

| | |
|---|---|
| John M. Marthaler, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * Appeal from the United States District |
| | * Court for the District of Minnesota. |
| Northern States Power Company, a | * |
| Minnesota Corporation; International | * [UNPUBLISHED] |
| Brotherhood of Electrical Workers, | * |
| Local 160, | * |
| | * |
| Appellees. | * |

_____

Submitted: June 16, 1999

Filed: July 9, 1999

_____

Before RICHARD S. ARNOLD and ROSS, Circuit Judges, and BYRNE,[1] District
  Judge.

_____

PER CURIAM.

_____

[1]The Honorable Wm. Matthew Byrne, Jr., Senior United States District Judge
for the Central District of California, sitting by designation.

John M. Marthaler appeals from a judgment of the district court[2] granting summary judgment in favor of his former employer, Northern States Power Company (NSP), and his former union, International Brotherhood of Electrical Workers, Local 160, on his claims of disability discrimination and breach of the duty of fair representation. We affirm.

The district court doubted that Marthaler was disabled, but for the purposes of summary judgment assumed he was. However, the court held that NSP terminated Marthaler for a legitimate, nondiscriminatory reason and he failed to present sufficient evidence showing the reason was a pretext for discrimination. The court did not err. On November 10, 1995, Marthaler was placed on suspension pending an investigation of reports that he had been seen lying down in a supervisor's truck during work hours, had been insubordinate, and had left a threatening telephone message for a co-worker. On November 15, 1995, Marthaler entered a mental health facility and was discharged a month later with a diagnosis of bipolar disorder. Following an investigation which began shortly after the suspension, on December 18, 1995, NSP terminated Marthaler for misconduct. Contrary to Marthaler's suggestion, in the circumstances of this case, the fact that Marthaler's "discharge was effectuated after [his] hospitalization . . . does not preclude the grant of summary judgment." Wilking v. County of Ramsey, 153 F.3d 869, 874 (8th Cir. 1998); see also Christopher v. Adam's Mark Hotels, 137 F.3d 1069, 1073 (8th Cir.) ("[m]ere knowledge of a disability cannot be sufficient to show pretext"), cert. denied, 119 S. Ct. 62 (1998).

---

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

In addition, the district court did not err in holding that Marthaler failed to present sufficient evidence showing that the union breached its duty of fair representation. After a two-day hearing, an arbitrator upheld the termination. At the hearing, among other things, Marthaler's union-provided counsel introduced his medical records and copies of medical treatises. Counsel also submitted a thirty-two page post-hearing brief. Marthaler's assertion that counsel should have called medical witnesses instead of relying on documentary evidence is a mere disagreement with a tactical decision.

Finding no error of law or fact, we affirm on the basis of the district court's well-reasoned opinion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT

-3-